## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

**FILED**

January 20, 2015

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**JUDY L. WILLIAMSON,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0172** (BOR Appeal No. 2048542)
                       (Claim No. 900014614)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**AMES DEPARTMENT STORES, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Judy L. Williamson, by Harley O. Staggers Jr., her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Brandolyn N. Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 28, 2014, in which the Board affirmed a June 26, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 6, 2013, decision denying a request for authorization to refill medications and for cervical epidural steroid injections. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Williamson worked as a clerk for Ames Department Stores, Inc. On September 27, 1989, Ms. Williamson injured her lower back while lifting a box. Her symptoms grew progressively worse, and she eventually underwent a lumbar fusion related to the injury. Several years after the surgery, she came under the care of Carlos S. Santiago III, M.D., who treated her pain. On November 18, 2010, Ms. Williamson underwent a spinal cord stimulator placement, which Dr. Santiago found was successful. The claims administrator then authorized several medications to allow Dr. Santiago to initiate a "wean and taper" plan which reduced Ms. Williamson's pain medication to account for the successful placement procedure. Dr. Santiago requested a refill of the medications Kadian, Lortab, Klonopin, Lidoderm, and Lyrica. The claims administrator denied the request because it had not received a "wean and taper" plan for Ms. Williamson. Dr. Santiago submitted a second request for a refill of the medications Limbitrol, Klonopin, Lyrica, Lidoderm, Kadian, and Oxycodone, and on February 6, 2013, the claims administrator denied the request as well as a request for cervical epidural steroid injections. The claims administrator found that Lortab, Kadian, and Oxycodone were schedule II narcotics which should not be prescribed so long after the placement of the spinal cord stimulator. It also found that Klonopin, Lidoderm, and Lyrica were not generally used to treat any compensable conditions of the claim. Dr. Santiago then submitted a letter to the claims administrator in which he stated that, even though the spinal cord stimulator had helped Ms. Williamson's back and leg pain, her neck pain had become more prominent. He believed these symptoms justified the request for the medications and cervical epidural steroid injections. On June 26, 2013, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Office of Judges' Order on January 28, 2014, leading Ms. Williamson to appeal.

The Office of Judges concluded that the requested medications and steroid injections were not warranted for treatment of the compensable conditions of the claim. The Office of Judges determined that Dr. Santiago was supposed to wean and taper Ms. Williamson from pain medication and did not pursue such a plan. It found that Dr. Santiago had requested three schedule II narcotics and that authorization for those prescriptions exceeded the time limits set out in West Virginia Code of State Rules § 85-20-53.14(a) (2006). The Office of Judges also found that Dr. Santiago did not present sufficient evidence that Ms. Williamson's treatment needs were extraordinary and required a deviation from those time limits. The Office of Judges determined that Dr. Santiago also did not address Ms. Williamson's need for the medications Klonopin, Lidoderm, and Lyrica. Finally, the Office of Judges found that cervical epidural steroid injections should not be authorized because there were no diagnoses for the cervical spine related to Ms. Williamson's compensable injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Williamson has not demonstrated that the requested medications and cervical epidural steroid injections are medically related and reasonably required to treat a compensable condition of the claim. The schedule II narcotics that Dr. Santiago has requested are outside of the time limitations set forth in West Virginia Code of State Rules § 85-20-53.14(a), and the evidence has not established that this in an extraordinary case in which additional narcotic

2

treatment is warranted. Ms. Williamson has not submitted sufficient evidence to relate the other requested medications to any compensable condition of the claim. Ms. Williamson has also not shown that she is entitled to cervical epidural steroid injections because the cervical spine is not a compensable diagnosis. The evidence in the record, furthermore, does not relate the treatment to any other compensable condition of the claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 20, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum